IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACY MILLER,<br><br>                    Petitioner,<br><br>     vs.<br><br>GARY SWARTHOUT, Warden,<br><br>                    Respondent. | Case No. 2:12-cv-01351-JKS<br><br><br>O R D E R |

      On March 1, 2013, this Court granted Miller's unopposed Motion to Augment the Record at Docket No. 24. Respondent subsequently filed a Response to this Court's Order at Docket No. 25, which this Court construes as a motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b).

      Contrary to Respondent's assertion, consideration by this Court of the transcripts of the evidentiary hearings held in the San Joaquin County Superior Court is not barred by *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). Unlike the petitioner in *Pinholster*, Miller is not seeking to introduce new evidence in a federal habeas corpus proceeding. Rather, Miller is seeking to augment the record to include transcripts of evidentiary hearings held in the San Joaquin County Superior Court, which was the last court to issue a reasoned opinion on his claim that habeas relief is warranted due to juror bias and misconduct. The California Court of Appeal and California Supreme Court denied Miller's Petitions for Writ of Habeas Corpus without comment.

In determining whether habeas relief is warranted under 28 U.S.C. § 2254(d), this Court reviews the "last reasoned decision" by the state court, which in this case is the San Joaquin County Superior Court. *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citation omitted). Although review of state-court rulings is "highly deferential" under 28 U.S.C. § 2254(d), *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curium*), this Court must still conduct a meaningful review of the record in order to determine whether the adjudication of Miller's claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the superior court proceeding, 28 U.S.C. § 2254(d)(2).

Miller's Motion to Proceed In Forma Pauperis at Docket No. 6 was granted, and he is accordingly presumed to be indigent. Therefore, Respondent is directed to procure the necessary transcripts.

Evidentiary hearings were held in the San Joaquin County Superior Court over the course of nine days. The parties are hereby directed to meet and confer to specify which proceedings need to be transcribed in order for this Court to conduct a meaningful review of the superior court's decision.

This Court has been in contact with the Administrator of the Court Reporter's Office of the San Joaquin County Superior Court, who confirmed that a court reporter was present at all hearings and that they therefore may be transcribed. Respondent is directed to contact the court reporter's office for further information on how to obtain the necessary transcripts.

**IT IS HEREBY ORDERED that:**

Respondent's Motion for Reconsideration of Petitioner's Motion to Augment the Record at **Docket No. 25** is **DENIED**.

The parties are directed to meet and confer in order to specify which proceedings need to be transcribed.  Respondent shall be the party responsible for procuring the necessary transcripts.  Respondent shall report back to this Court on its efforts on or before April 19, 2013.

Dated this 20th day of March 2013.

>   /s/ James K. Singleton, Jr.
>   **JAMES K. SINGLETON, JR.**
>   United States District Judge